### WATKINS v. RECORD PUBLISHING CO.

#### (133 S. E., 100)

LIBEL AND SLANDER—DIRECTING VERDICT FOR PLAINTIFF IN ACTION FOR LIBEL HELD ERROR, WHERE THERE WERE JURY QUESTIONS AS TO WHETHER DAMAGES SUFFERED RESULTED FROM PUBLICATION OR FROM OTHER MATTERS AND WHETHER PLEA OF JUSTIFICATION HAD BEEN SUSTAINED.—In action for libel, direction of verdict for plaintiff *held* error, where evidence made jury questions as to whether damages suffered resulted from publication or from other matters and whether plea of justification had been sustained.

Before FEATHERSTONE, J., Richland, April, 1925. Reversed and remanded for new trial.

Action by R. C. Watkins against the Record Publishing Co. Judgment for plaintiff and defendant appeals.

The alleged libelous article published in defendant's newspaper and directed to be reported is as follows:

"CITY HEALTH DEPT. 'NIPS IN THE BUD' TYPHOID OUTBREAK

"Paying high tribute to the prompt and efficient work of the city health officer, Jean La Bord, whose timely work, he felt confident, 'nipped' a threatened outbreak of typhiod fever 'in the bud,' Dr. C. E. Owens, physician and surgeon, recounted in detail last night the circumstances of the incident which had deeply impressed him.

"Calling at a Preston Street home, the physician found his patient, a young man, with a suspicious temperature.

He made the usual tests and found a classic case of typhoid fever. He reported the case, as usual, to the city health authorities. Dr. La Bord immediately made an investigation and ascertained the name of the dairy from which the family obtained its supply of milk, after a test of the milk found in the home had showed typhoid germs. The dairy was closed at once and its customers notified. Each person was called on by the health officer or his assistants and apprised of the situation. In the meantime the doctor had himself inoculated the other members of the first family.

"Five other cases, immediately traceable to the same course, the milk in question, quickly developed, showing that the germs were unusually active. Up to 9 o'clock Friday night literally scores of people who had partaken of milk from the suspended dairy had been vaccinated. The health officer worked almost without cessation in the matter, half of the list having been vaccinated by 9:30 Friday night. The job was completed yesterday. The 'battle' was brisk, for the dairy's field of activities comprised between 200 and 250 persons. One group was a boarding house, where 30 persons had been served with milk from the dairy.

"The water used by the family of the first patient was found perfectly pure, Dr. Owens said, in the earliest stages of the inquiry, so the conclusion was inevitable, that milk was the source of the typhoid germs that were spreading like the proverbial wild fire.

"The feature of the case was the promptness with which Dr. La Bord handled the situation; no time was lost and an undoubted menace was 'killed aborning,' thanks to the modern health department maintained by the city under the direction of Dr. La Bord.

"The investigators found out as another detail of the case that the milk had become contaminated almost overnight, as a new milker who was in charge of the dairy for the regular milkman, who was ill, was the 'importer' of the germs. Working the investigation down to the finest point,

31—S. C. R.—134.

the health officers located the source of the germs which the new milkman had unknowingly transported to his new work.

"Milk from every dairy in the jurisdiction of the city board of health is examined regularly every ten days."

*Mr. Ashley C. Tobias, Jr.,* and *C. N. Sapp,* for appellant, cite: *Substantial truth of publication complete defense to action for libel:* 16 S. C., 435; 90 S. W., 1081; 23 S. W., 591; 43 N. W., 43; 110 P., 957; 3 Bing (N. C.), 759; Newell on Libel & Slander, 4th Ed., 766. *Proof of plea of justification of libel raises question for jury:* 68 S. W., 665; 43 N. W., 43; Newell on Libel & Slander, 4th Ed., 766 and 804. *Testimony on plea of justification of libel:* 52 P., 150. *Rule of damages in action for libel:* 23 S. E., 423; 17 R. C. L., 423, 429 and 438. *Whether publication is proximate cause of injury is question for jury:* 129 S. E., 428; 101 S. C., 256; 99 Ill. App., 8.

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for respondent, cite: *Publication alleging unfitness for business actionable per se:* 99 S. C., 438; 83 S. E., 1089; 93 S. C., 475; 77 S. E., 54; 1 McM., 16; Newell on Libel & Slander, 4th Ed., 7, 155 and 170; 17 R. C. L., 294; 71 Tex., 645; 9 S. W., 860; 91 N. Y., 83. *Whether publication libelous per se question for Court:* 76 S. C., 510; 57 S. E., 478. *In case of publication libelous per se malice and general damages presumed:* 71 S. C., 116; 50 S. E., 637; Cheves, 17; 1 N. & McC., 290. *General damages:* 117 S. C., 236; 109 S. E., 111; 116 S. C., 216; 107 S. E., 925; 113 S. C., 508; 101 S. E., 841; 74 S. C., 188; 54 S. E., 206. *No averment of special damages necessary:* Newell on Libel & Slander, 4th Ed., 843. *Justification of libel must be broad as the charge:* Newell on Libel & Slander, 4th Ed., 766. *Failure to sustain plea of justification considered in aggravation of damages:* 21 S. C., 345; 16 S. C., 441. *Qualified privilege in publication of libelous matter:* 115 S. C., 77; 106 S. E., 855; 99 S. C., 442; 83 S.

E., 1083; 93 S. C., 475; 77 S. E., 51; Newell on Libel & Slander, 4th Ed., 416, 516, 520, 521, 522 and 534; 17 R. C. L., 352. *Qualified privilege destroyed by malice:* 119 S. C., 241; 112 S. E., 110; 30 L. R. A. (N. S.), 204; 128 S. W., 878; 24 L. R. A., 598; 68 A., 566; Newell on Libel & Slander, 4th Ed., 382; 12 L. R. A. (N. S.), 91, note. *Good intentions in publication of libel go in mitigation of damages:* 71 S. C., 119; 50 S. E., 637; 21 S. C., 345. Newell on Libel & Slander, 4th Ed., 301 and 243. *Evidence of malice in publication of libelous matter:* 123 S. C., 323; 116 S. E., 271; 119 S. C., 242; 112 S. E., 110; 97 S. C., 241; 81 S. E., 633; 95 S. C., 93; 78 S. C., 536; 2 McC., 288; 10 R. C. L., 838; 17 R. C. L., 327; Newell on Libel & Slander, 4th Ed., 318 and 333. *Error in submitting question of punitive damages to jury cured by failure to find punitive damages:* 105 S. C., 484; 90 S. E., 188. *Charge of Court to be taken as a whole:* 116 S. C., 47; 106 S. E., 775; 114 S. C., 123; 103 S. E., 479; 98 S. C., 262; 82 S. E., 414. *Loss of profits may be considered in estimating damages:* 128 S. C., 344; 122 S. E., 858; 114 S. C., 533; 58 S. C., 373; 36 S. E., 703; Newell on Libel & Slander, 4th Ed., 844.

May 13, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages on account of an alleged libelous article published in the defendant's newspaper, a copy of which will be incorporated in the report of the case. The circumstances connected with the publication are detailed in the case of *Miles v. Record Co.,* 133 S. E., 99, heard at the same term of this Court, reference to which is made. The defendant admitted the publication and sought justification in its truth. The plaintiff offered evidence tending to establish his claim for damages; the defendant, its claim of justification. At the close of all the evidence, his Honor, the Circuit Judge, directed a verdict in favor of the plaintiff,

leaving the amount of damages to be determined by the jury. The verdict was for $6,000, which upon motion for new trial was reduced, by an order *nisi* and remission by the plaintiff, to $4,000. The defendant has appealed.

There were two questions of fact, as to which the defendant offered evidence, which should have been left to the determination of the jury: (1) Whether the damages suffered by the plaintiff resulted from the publication, or from other matters upon which there was evidence; (2) whether the defendant's plea of justification had been sustained. There was error, therefore, in the direction of a verdict.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MESSRS. JUSTICES WATTS, BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.